# Richmond.

## JONES v. THE COMMONWEALTH.

### JANUARY 8th, 1885.

1. CRIMINAL PROCEEDINGS—*Lascivious Cohabitation.*—To sustain an indictment under section 7, chapter 7, Criminal Procedure of 1878, page 302, the evidence must establish that the parties, not being married, lewdly and lasciviously associated and cohabited—that is, lived together in the same house as man and wife live together.
2. IDEM—*Idem—Cases compared.—Scott* v. *The Commonwealth,* 77 Va. 344, distinguished from the case at bar.

Error to judgment of corporation court of Danville, rendered June 9th, 1884, sentencing D'Orsay Jones to pay a fine of fifty dollars and costs on an indictment against him for lewd and lascivious cohabitation with one Kate Oliver, without being married to her.

Opinion states the case.

*A. M. Aiken,* for the plaintiff in error.

*Attorney-General F. S. Blair,* for the Commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

The plaintiff in error was tried and convicted in the corporation court of Danville upon an indictment for unlawful, lewd and lascivious association and cohabitation with one Kate Oliver, being unmarried to each other at and during the time.

The verdict of the jury imposed a fine of $50, and the court gave judgment for the said fine and the costs against the ac-

cused; and to that judgment this writ of error was awarded by this court.

The errors assigned in the petition are the refusal of the court to give an instruction which was asked for by the defendant, as set forth in "Bill of Exception No. 1," and the action of the court in giving to the jury, on their application, the oral instruction embraced in "Exception No. 2," and in refusing and overruling the motion to set aside the verdict and grant a new trial, upon the ground that the verdict was contrary to the law and the evidence, which constitutes the third bill of exception, setting forth a certificate of facts.

In the view which we take of the facts certified to have been proved in this case, it is necessary to pass in review only the third and last bill of exception, as that goes fully both as to the law and the evidence in the case.

The indictment in this case is framed and founded on the seventh section of chapter 7, New Criminal Procedure, page 302, Acts 1877–'78, which is in these words: "If any persons, not married to each other, lewdly and lasciviously associate and cohabit together, or, whether married or not, be guilty of open and gross lewdness and lasciviousness, they shall be fined not less than $50 nor more than $500," &c.

This section of the statute is not designed to punish for the offences of *fornication* or *adultery*. Those are the subject of section 6, chapter 7, of New Criminal Procedure, page 302, Acts 1877–'78.

The offence charged in the indictment is to "lewdly and lasciviously associate and cohabit together"—"not married to each other." It is a statutory offence, and the statute must be strictly conformed to. *Commonwealth* v. *Isaacs and West*, 5 Rand. 635.

The terms "not married to each other" and "lewdly and lasciviously associate and cohabit together" clearly explain the meaning of the statute as intended to apply to cases where a man and a woman, "not married to each other," live together

as man and wife live together, without the sanction of the nuptial tie. There must be "*cohabitation*," and there must be *lewd and lascivious* cohabitation. There must be a living together.

"*Cohabit*" is defined by Webster: 1. "To dwell with another in the same place." 2. "To live together as husband and wife." *Bouvier* defines "*cohabit*": "To live together in the same house, claiming to be married;" "to live together in the same house." Obviously the legal sense of the term in the statute is to live together in the same house as married persons live together, or in the manner of husband and wife.

There may be illicit intercourse and even lewd and lascivious intercourse between man and woman, which would be *fornication* or *adultery*, as the case might be, and which are punishable by the law as offences against sound morals and good government; but these offences are not charged in the indictment in this case, and cannot be punished under the seventh section of the statute, which forbids persons, not married to each other, lewdly and lasciviously to associate *and* cohabit together. The conjunction "*and*," in the phrase of the section, is essentially and indispensably *copulative;* there must be both—lewd and lascivious intercourse, *and* a living together of the parties as husband and wife live together—to constitute the offence of lewd and lascivious association and cohabitation.

In *Scott* v. *The Commonwealth*, 77 Va., the parties, being unmarried, were proved to have lived together, and to have lived together as man and wife, and to have acknowledged a common progeny and relation as though married. *Vide Commonwealth* v. *Isaacs and West*, 5 Rand. 635, *supra;* *Searls* v. *The People*, 15 Ill. 597; *State* v. *Marvin*, 12 Iowa, 499; *Wright* v. *The State*, 5 Blackford, 358; *Commonwealth* v. *Calef*, 10 Mass. 153; *Scott* v. *Commonwealth*, 77 Va. 346, *supra;* *Carotti* v. *The State*, 42 Miss. 334.

As to the evidence certified by the judge in the *certificate of facts*, there is not the slightest particle of testimony to prove or even tending to prove that the plaintiff in error, Jones, lewdly

Opinion.

and lasciviously associated and cohabited with the woman Kate Oliver. The facts certified prove that he did *not cohabit* with her. They show that he never dwelt or lived with her; and they fail to show that he had ever been guilty of lewdness or lasciviousness with or towards her. The only mere implication that he might possibly have had some intimacy with her is the statement of the witness, Belle Holland, that Kate Oliver said to her, in the presence of the plaintiff in error, that she, Kate Oliver, had been "his friend," and he had been "*visiting her.*" Thus implicating nothing but, at the most and the worst, mere private incontinence; and proving that he did not *cohabit* with her, as, assuredly, to visit a harlot or a bawdy house does not constitute the lewd and lascivious *cohabitation* inhibited and punished by the section of the statute under which this indictment was found and prosecuted, however wicked and despicable such prostitution is justly held to be by all refined and virtuous people.

We are of opinion that the verdict of the jury in this case is against the law and the evidence, and that the corporation court of Danville erred in overruling the motion to set it aside and grant a new trial. The verdict must therefore be set aside, and the judgment of the court rendered thereon be reversed and annulled, and the cause remanded for a new trial.

JUDGMENT REVERSED.