# Richmond.

## MILLARD JOHNSON v. COMMONWEALTH.

January 17, 1929.

The opinion states the case.

*George E. Allen* and *R. Page Morton*, for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile* and *Edwin H. Gibson, Assistant Attorneys-General*, for the Commonwealth.

WEST, J., delivered the opinion of the court.

Millard Johnson complains of a judgment of the Circuit Court of Charlotte county, convicting him of a misdemeanor.

On December 3, 1927, a warrant was issued by a justice of the peace of Charlotte county against the accused, two other boys and two girls, charging that on November 30, 1927, they "did unlawfully commit open gross lewdness and lascivious behavior by openly, grossly, lewdly and lasciviously going to said Woodland school house in said county, and then and there engaging in unlawful sexual intercourse and by leaving certain articles used in said intercourse, commonly known as rubbers or cundrums, so exposed as necessarily to become public and generally known in the neighborhood, and by leaving certain lewd and lascivious writings on the black-board of said school house so that the same must necessarily be found and become public to the great scandal of the citizens of the said county and to the manifest corruption of public morals."

The accused was tried in a justice's court and found guilty. Upon an appeal to the circuit court, his demurrer to the warrant and motion to quash the same were overruled. On his plea of not guilty the jury convicted him and fixed his punishment at six months

confinement in jail and a fine of $200.00, upon which verdict the court entered the judgment now before us for review.

The facts are conceded to be as follows: On the night of November 30, 1927, the accused and his four companions provided themselves with some whiskey and went to the Woodland public school house, in Charlotte county, Virginia, arriving there at midnight, where they built a fire and remained for about four hours. The next morning, after the commission of the offense, the school room was found in the following condition: The benches were disarranged; the arm of one chair broken; there were indications of sexual intercourse; on the blackboard were written with chalk, words and phrases with vulgar and lascivious allusions; and the door steps were defiled with filth.

The school was attended by fifty or sixty pupils, but no one was present on the night of the commission of the alleged offense but the five persons named in the warrant. Reports of the condition in which the school house was found the next morning spread over the community very rapidly.

The accused stated that all of those in the party engaged in sexual intercourse; and that they all left the school house together.

The accused alleges that the court erred, (1) in giving instruction No. 1 for the Commonwealth; (2) in giving instruction No. 3 for the Commonwealth; (3) in refusing to set aside the verdict of the jury as contrary to the law and the evidence and without evidence to support it; and (4) in overruling petitioner's demurrer to the warrant.

Instructions No. 1 and No. 3 are as follows:

1. "The court instructs the jury that in order for a person to be guilty of open or public lewdness and

lasciviousness it is not necessary that the act itself be committed in public or in the presence of other persons. It is sufficient if the act is done in such a manner or under such circumstances as necessarily to become public or generally known in the neighborhood."

3. "The court instructs the jury that the accused is charged with a misdemeanor and if the jury find him guilty they may fix his punishment at a fine of not more than $500.00 or imprisonment in jail for not more than twelve months, either or both."

Simple adultery and fornication are not common law offenses in Virginia, and are punishable only as prescribed by the Virginia Code, 1924, section 4543. *Anderson* v. *Commonwealth*, 5 Rand. (26 Va.) 627, 16 Am. Dec. 776; *Commonwealth* v. *Isaacs*, 5 Rand. (26 Va.) 634. Section 4544 provides the punishment for a husband who conspires with any other person to cause his wife to commit adultery.

Section 4545 provides the punishment for lewd and lascivious cohabitation, and is couched in the following language:

"Section 4545. *Lewd and lascivious cohabitation; how punished; penalty for second offense.*—If any persons, not married to each other, lewdly and lasciviously associate and cohabit together, or, whether married or not, be guilty of open and gross lewdness and lasciviousness, they shall be fined not less than fifty nor more than five hundred dollars; and upon a repitition of the offense, and conviction thereof, they may also be confined in jail not less than six nor more than twelve months."

As stated in the lead line, section 4545 provides the penalty for *lewd and lascivious cohabitation*. When read as a whole, it seems clear that there can be no conviction under this section except where the parties

charged lewdly and lasciviously cohabit together; and by *cohabiting* the statute means dwelling together; cohabiting together in the same manner that a man and his wife cohabit together.

In *Jones* v. *Commonwealth*, 80 Va. 18, where the indictment was founded on section 7 of chapter 7, New Code of Criminal Procedure (page 302, Acts 1877-78), now section 4545 of the Code, *supra*, the court said: "The terms 'not married to each other' and 'lewdly and lasciviously associate and cohabit together' clearly explain the meaning of the statute as intended to apply to cases where a man and a woman, 'not married to each other,' live together as man and wife; live together, without the sanction of the nuptial tie. There must be 'cohabitation,' and there must be lewd and lascivious cohabitation. There must be a living together.

■ " 'Cohabit' is defined by Webster: 1. 'To dwell with another in the same place.' 2. 'To live together as husband and wife.' Bouvier defines 'cohabit': 'To live together in the same house, claiming to be married;' 'to live together in the same house.' Obviously the legal sense of the term in the statute is to live together in the same house as married persons live together, or in the manner of husband and wife."

In *Pruner & Clark* v. *Commonwealth*, 82 Va. 115, the prosecution was for a violation of section 4545, and the court held (syllabus): "To constitute this offense, it is essential that it be proved that the parties cohabit together—that is, live together in the same house as man and wife. Proof of occasional acts of incontiuence merely is not sufficient. *Jones* v. *Commonwealth*, 80 Va. 18."

■ "The common law of England, so far as it is not repugnant to the principles of the Bill of Rights and the Constitution of this State, shall continue in full

force within the same, and be the rule of decision, except in those respects wherein it is or shall be altered by the General Assembly." Va. Constitution, Schedule, section 1; Code 1924, chapter 2, section 2.

We find nothing in section 4545 which alters the common law, except as to lewd and lascivious cohabitation, and, as already appears, that offense is not charged in the warrant, and if it were so charged there is no evidence to support it.

■ ■ Omitting the acts of sexual intercourse charged in the warrant, the other acts committed by them and so charged, constituted a misdemeanor at common law. These acts were "lewd, grossly scandalous and *contra bonos mores*," and were intended for the view of the public. The accused and his companions knew that the public schools were in session and that a large per cent. of the children who attended the Woodland school would be injuriously exposed to a view of the acts committed by the accused. A public school house is a public place.

In *Reg.* v. *Holmes*, 6 Cox's C. C. 216, 217-218, the defendant was charged with an indecent exposure in an omnibus. He contended that the bus was not a public place. Lord Campbell, C. J., affirming the conviction, said: "It would be a reproach to the law if this indictment was held not to disclose an offense; nor this evidence not to support it. The exposure is shown to have been in a public omnibus going along a public high road, and in the omnibus were three or four females. What more can be wanting? This would not be a country to live in if such an abominable outrage could go unpunished."

■ In 36 C. J., page 1035, section 2, we find this: "At common law, the indictable offense of lewdness is regarded as a misdemeanor, punishable by fine and

imprisonment, and consists of open and public acts of indecency. It includes any gross indecency which is sufficiently open and notorious as to tend to corrupt the morals of the community."

In *Grisham and Ligan* v. *State*, 2 Yerg. (Tenn.) 589, 596, this is said: "Acts or conduct notoriously against public decency and good manners constitute an offense at common law, cognizable by the temporal courts, even in England."

It being clear that the Commonwealth prosecuted and convicted the accused of a common law misdemeanor, his punishment was properly fixed within the limits prescribed by section 4782 of the Code, which reads as follows: "A misdemeanor, for which no punishment or no maximum punishment is prescribed by statute, shall be punished by fine not exceeding five hundred dollars or confinement in jail not exceeding twelve months, or both, in the discretion of the jury or of the justice, or of the court trying the case without a jury."

Our conclusion is that the warrant was intended to charge and does charge a common law misdemeanor not covered by the statute, of which the accused was duly convicted. The charge being a common law misdemeanor, the warrant was not subject to demurrer, and there was no error in the instructions granted.

The acts charged in the warrant were lewd, grossly scandalous to good morals. The evidence, as appears from the statement of facts and other evidence in the record, which need not be repeated here, fully sustains the charge.

We find nothing to justify a reversal of the judgment and it will be affirmed.

*Affirmed.*