COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Benton and
         Senior Judge Overton
Argued at Alexandria, Virginia


ANDRE ODELL HARRIS
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2818-01-4      CHIEF JUDGE JOHANNA L. FITZPATRICK
                                          OCTOBER 15, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Kathleen H. MacKay, Judge

          Kelly E. P. Bennett, Assistant Public
          Defender, for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     The issue presented by this appeal is whether the evidence

was sufficient to prove Andre Odell Harris and Audrey Simpson

"cohabited," which is required to sustain Harris's conviction for

assault and battery against a family or household member pursuant

to Code § 18.2-57.2. We affirm the conviction.

                              I.

     Audrey Simpson testified that on June 6, 2001 she lived in a

motel room in Fairfax County, Virginia, with Harris. That

evening, Simpson, Harris, and two of Harris's co-workers drank

beer and smoked cocaine in the motel room. According to Simpson,

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Harris seemed agitated that evening.  Although she did not recall arguing, Simpson testified that she and Harris had a court case scheduled the next day which had created stress.  Sometime after Harris's co-workers departed, Harris assaulted Simpson.  He first threw a plastic container at her without being verbally or physically provoked.  He then punched her in the eye and attempted to strangle her.  When they struggled into the hallway of the motel, Harris repeatedly kicked Simpson in the head.  Simpson fled and telephoned the police.

When asked what the status of their relationship was at the time of the incident, Simpson testified that she and Harris "had been living together."  She testified that they were "[j]ust boyfriend and girlfriend," that they had been so for three years, and that they were not engaged.  Simpson also testified she was living at the motel because she could not live with her mother.

The jury convicted Harris of assault and battery against a household member for a third or subsequent conviction and fixed his punishment at one year in prison.  The judge sentenced Harris to one year of imprisonment.

## II.

In pertinent part, Code § 18.2-57.2(B), provides as follow:

> On a third or subsequent conviction for assault and battery against a family or household member, where it is alleged . . . that (i) such person has been previously convicted twice of assault and battery against a family or household member, or of a similar offense under the law of any other

-

jurisdiction, within ten years of the third or subsequent offense, and (ii) each such assault and battery occurred on different dates, such person shall be guilty of a Class 6 felony.

Code § 18.2-57.2. Subsection (D) of Code § 18.2-57.2, incorporates the definition of "family or household member" contained in Code § 16.1-228. That definition is as follows:

> "Family or household member" means (i) the person's spouse, whether or not he or she resides in the same home with the person, (ii) the person's former spouse, whether or not he or she resides in the same home with the person, (iii) the person's parents, stepparents, children, stepchildren, brothers, sisters, grandparents and grandchildren, regardless of whether such persons reside in the same home with the person, (iv) the person's mother-in-law, father-in-law, sons-in-law, daughters-in-law, brothers-in-law and sisters-in-law who reside in the same home with the person, (v) any individual who has a child in common with the person, whether or not the person and that individual have been married or have resided together at any time, or (vi) any individual who cohabits or who, within the previous twelve months, cohabited with the person, and any children of either of them then residing in the same home with the person.

Code § 16.1-228.

Applying the definition of "cohabits" in Code § 16.1-228, we have previously noted that a totality of the circumstances test should be employed in assessing the defendant's relationship with the assaulted individual. Rickman v. Commonwealth, 33 Va. App. 550, 558, 535 S.E.2d 187, 191 (2000). Here, the evidence proved Harris and Simpson were in a long-term

-

romantic relationship and that they lived together in a motel room.  As we noted in <u>Rickman</u>, although the definitions of "cohabitation" in the civil context are "instructive, . . . we are not bound by them because '"cohabitation" takes on different meanings in different contexts.'"  33 Va. App. at 556, 535 S.E.2d at 190.  The evidence was sufficient for the jury to find that Harris and Simpson were cohabiting when he assaulted her in the motel.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>

-

Benton, J., dissenting.

As the Supreme Court's decisions demonstrate, the concept of "cohabitation" has familiar meanings in established case law. The Supreme Court long ago defined "cohabitation" in the context of criminal prosecutions.  See Johnson v. Commonwealth, 152 Va. 965, 970, 146 S.E. 289, 291 (1929); Jones v. Commonwealth, 80 Va. 18, 20 (1885) (reversing a conviction for unlawful cohabitation).  Indeed, more recently in Schweider v. Schweider, 243 Va. 245, 248, 415 S.E.2d 135, 137 (1992), the Supreme Court reaffirmed that definition and further reaffirmed that the same definition applies in the civil context.  It held as follows:

> We have said that the term "cohabit" means "to live together in the same house as married persons live together, or in the manner of husband and wife."  Johnson v. Commonwealth, 152 Va. 965, 970, 146 S.E. 289, 291 (1929).  While engaging in sexual relations is a factor in determining cohabitation, "'matrimonial cohabitation' consists of more than sexual relations.  It also imports the continuing condition of living together and carrying out the mutual responsibilities of the marital relationship."  Petachenko v. Petachenko, 232 Va. 296, 299, 350 S.E.2d 600, 602 (1986); see Colley v. Colley, 204 Va. 225, 228-29, 129 S.E.2d 630, 632 (1963).

Schweider, 243 Va. at 248, 415 S.E.2d at 137.  Thus, to the extent that our decision in Rickman v. Commonwealth, 33 Va. App. 550, 535 S.E.2d 187 (2000), "find[s] Schweider . . . instructive" but "disagree[s] that [it] control[s]" the

-

definition of "cohabit" in the criminal context, it misreads Schweider. Id. at 556, 535 S.E.2d at 190.

Even with that obvious error, however, Rickman does not support the conclusion that the evidence in this case is sufficient to prove "cohabitation." Relying on the law from other states, Rickman noted as follows:

> "[T]he essential elements of 'cohabitation' are (1) sharing of familial or financial responsibilities and (2) consortium. Possible factors establishing shared familial or financial responsibilities might include provisions for shelter, food, clothing, utilities, and/or commingled assets. Factors that might establish consortium include mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations."
>
> Other factors appropriate for consideration include the length and continuity of the relationship.

33 Va. App. at 557, 535 S.E.2d at 191 (citations omitted).

The circumstances of this case were insufficient to prove that Harris and Simpson were cohabiting. The evidence proved that Harris and Simpson were neither married nor engaged. The evidence did not prove whether Harris and Simpson shared familial or financial responsibilities. No evidence proved whether both Harris and Simpson were responsible for the motel room, and no evidence proved whether either was financially dependant, in any manner, on the other.

-

As to the element of consortium, no evidence proved the relationship was sexual.  Although the Commonwealth suggests the jury could infer from the evening Simpson and Harris spent on his mother's sofa that their relationship was sexual, that incident occurred after the assault and thus would be irrelevant to whether they were cohabiting at the time of the assault.  Although the evidence proved they had dated three years, no evidence proved the length of time that Harris and Simpson lived at the motel or the nature of their living arrangements.  Simpson merely said her reason for staying at the motel was that she could not live with her mother.

An appellate court is "obligated to set aside the trial court's judgment when it is contrary to the law and the evidence and, therefore, the judgment is plainly wrong."  Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 763 (2001).  In light of the legislature's use of the term "resides" and "cohabits" in Code § 16.1-228, the legislature obviously intended "cohabits" to mean more than living together.  The language of the statute manifestly requires the Commonwealth to prove that the parties are carrying out mutual responsibilities consistent with that of a marital relationship.  Schweider, 243 Va. at 248, 415 S.E.2d at 137.  No evidence proved that element of the offense in this case.  Accordingly, I would reverse the conviction and dismiss the indictment.