# Richmond

FLORENCE JARVIS ANDERSON v. CLAUDE W. ANDERSON.

June 21, 1954.

Record No. 4226.

Present, All the Justices.

The opinion states the case.

*William Davis Butts*, for the appellant.

*George Walter Mapp, Jr.*, for the appellee.

SMITH, J., delivered the opinion of the court.

This case involves the correctness of merging a decree for divorce from bed and board into a divorce from the bonds of matrimony on the motion of the guilty party.

On October 4, 1951, the trial court granted Florence Jarvis Anderson a decree for divorce from bed and board against her husband, Claude W. Anderson on the ground of desertion. She was awarded $50.00 per month alimony for herself and $25.00 per month for the support of their child, Florence S. Anderson. Thereafter, on March 23, 1953, Claude W. Anderson, in accordance with the provisions of Code, § 20-121, 1952 Cum. Supp., gave notice to his wife that he would make application to merge the bed and board decree into an absolute divorce. An *ore tenus* hearing was held on this motion on May 5, 1953, and the trial court, on June 1, 1953, entered a decree dissolving the bonds of matrimony. The wife was awarded $50.00 per month alimony until her death, remarriage, or further order of the court, and $25.00 per month for the support of their child until she should become eighteen or marry, or until further order of the court. Florence Jarvis Anderson appealed on the ground that this decree is contrary to the law and the evidence.

The question presented is whether the evidence shows, as required by Code, § 20-121, 1952 Cum. Supp.,[1] that: (1) "no reconciliation has taken place, or is probable," and (2) the "separation has continued without interruption" since the date of the bed and board decree.

---

[1] Code, § 20-121, 1952 Cum. Supp., provides in part as follows: " * * * upon the production of satisfactory evidence whether taken theretofore, or in support of such application, the court may, in its discretion, merge such decree for divorce from bed and board into a decree for a divorce from the bonds of matrimony, if the court shall be of the opinion from the evidence so taken, that no reconciliation has taken place, or is probable, and that a separation has continued without interruption since the granting of such divorce, * * * ."

The evidence shows that nine days after the entry of the October 4, 1951 decree and while Florence Jarvis Anderson was living with her parents in Hampton, Virginia, her husband visited her and they occupied the same bed room. Thereafter, although the husband lived and worked in Accomack county, he visited his wife practically every week-end through the first week of April, 1952. On these occasions she discharged all of her marital duties as a wife, including such menial tasks as washing his clothes and preparing his meals. They even discussed with a contractor the building of a house near his work in Accomack county. Yet, the husband, who voluntarily visited his wife on numerous occasions and admitted that on at least three occasions he had sexual relations with her, stated at the trial that there never was and never would be a reconciliation.

By the Acts of 1861, p. 41, ch. 18, the injured party, but not the guilty party, was for the first time permitted to secure the merger of a bed and board decree into a divorce from the bonds of matrimony upon proof of the lapse of five years and that no reconciliation was probable. However, by virtue of an amendment in 1926 (Acts 1926, p. 859, ch. 508), "either party" was permitted to move for the merger of a bed and board decree into an absolute divorce, and thus the guilty party was for the first time authorized to make such a motion. Since that time the statute has been amended[2] several times, but the matters required to be proved have not been changed and are continued in the present statute. For a discussion of the right of a guilty party to merge a temporary divorce decree into a final decree, see *Pickles* v. *Pickles*, 70 R. I. 13, 36 A. (2d) 110, and the appended annotation in 151 A. L. R. 849; 17 Am. Jur., Divorce and Separation, § 438, p. 364.

Code, § 20-121, 1952 Cum. Supp., was not intended to permit the guilty party to enjoy full marital rights in every

---

[2] Acts 1934, p. 20, ch. 23; Acts 1942, p. 158, ch. 118; Acts 1946, p. 264, ch. 177; Acts 1948, p. 539, ch. 293; Acts 1950, p. 634, ch. 362; Acts 1952, p. 110, ch. 100.

respect and then blithely secure a dissolution of the marriage as soon as the statutory period had expired. To the contrary, if the parties occupy the marital bed, the continuity of the "separation without interruption" is destroyed. The *separation* referred to in this statute is the same as that required to be proved as one of the elements of desertion in an original suit for an absolute divorce and must be continuous and without interruption.[3] If the law were otherwise, a man could in effect make his wife his mere mistress until the final decree dissolving the marital bonds was entered. To permit such would violate the public policy of the State. Society demands that husbands and wives endeavor in *good faith* to reconcile their differences and dwell together in unity and peace. *Devers* v. *Devers*, 115 Va. 517, 79 S. E. 1048; *Burk* v. *Burk*, 21 W. Va. 445; *Ahrens* v. *Ahrens*, 67 Okla. 147, 169 P. 486. See *Raiford* v. *Raiford*, 193 Va. 221, 68 S. E. (2d) 888.

The trial court apparently based its decree on our recent decision in *Roberts* v. *Pace*, 193 Va. 156, 67 S. E. (2d) 844, 35 A. L. R. (2d) 702. The question there presented was whether a husband who had united with his wife in a property settlement, which was ratified and confirmed in a decree granting his wife a divorce from bed and board, was entitled to the rights of a widower in the real and personal property of his deceased wife, on the ground that the property settlement had been abrogated because he and his wife engaged in sexual intercourse after the entry of the decree. Under the evidence in that case we held that even if there were sporadic acts of intercourse this was not sufficient to constitute a reconciliation which would abrogate the property settlement. Thus, it will be seen that the question there decided was one of property rights, as to which the principles of law are different from those relating to the dis-

---

[3] It should be noted that when the ground for the original separation is cruelty the statute makes the same requirement of continuity for one year from the date of *separation* before the merger can take place. Code, § 20-121, 1952 Cum. Supp.

solution of the marital status. See 1 Bishop on Marriage, Divorce and Separation, § 15, p. 7. While the parties may, within certain limits, make their own agreements concerning their respective property rights, they can not enact or amend the divorce law, because the State is directly interested in determining the status of its citizens and to this end can and does establish and enforce its own policies in relation to marriage and divorce. See *Arrington* v. *Arrington* and *Wallihan* v. *Hughes*, this day decided; *Pretlow* v. *Pretlow*, 177 Va. 524, 14 S. E. (2d) 381; *Heflinger* v. *Heflinger*, 136 Va. 289, 118 S. E. 316.

A bed and board decree results from facts determined at the time it is entered, but whether the trial court should merge that decree into a final decree depends primarily upon the facts arising thereafter. So, when Claude W. Anderson made his application to merge the bed and board decree into an absolute divorce, he had the burden of proof to establish that no reconciliation had taken place, or was probable, and that the separation had continued without interruption since the date of the bed and board decree. He undertook to bear this burden by testifying on direct examination that he had not become reconciled with his wife and that a reconciliation was improbable, but on his cross examination he admitted having occupied the marital bed on three occasions. Furthermore, he did not deny the testimony of a number of witnesses to the effect that on practically every week-end over a period of six months the parties lived together as husband and wife at the home of the wife's father.

On this evidence, even the injured party was not entitled to have the bed and board decree merged into an absolute divorce had she so desired, because the separation was not continued without interruption. *A fortiori*, the statute does not give the guilty husband the right to force upon the blameless wife a divorce which she could not obtain upon her own initiative. Consequently, we hold that the husband has failed to show that a reconciliation

has not taken place and that the separation has continued without interruption since the date of the entry of the divorce from bed and board, as required by Code, § 20-121, 1952 Cum. Supp.

The decree appealed from is reversed in so far as it dissolves the bonds of matrimony and the case is remanded with directions to the trial court to dismiss the husband's motion for a merger.

*Reversed and remanded.*