## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Nancy Lee Naugle

    v.

Raymond E. Naugle

November 7, 1984

Case No. (Chancery) 15045

### By JUDGE ALBERT H. GRENADIER

The defendant has filed a special appearance alleging that this Court does not have *in personam* jurisdiction over him under the provisions of Section 8.01-328.1(A)(9) of the Virginia Code. The record discloses that the defendant was duly served with process pursuant to this section. The defendant contends, however, that the parties had no Virginia matrimonial domicile "at the time of separation of the parties upon which grounds for divorce or separate maintenance is based." The parties have by stipulation agreed upon the facts relevant to the disposition of the defendant's challenge to the Court's jurisdiction.

The defendant argues that the two or three acts of random and isolated sexual intercourse described in the stipulation severed the continuity of the separation of the parties for the purposes of § 20-91(9)(A), Virginia Code, requiring the Court to find that the parties did not have a Virginia matrimonial domicile at the time of the separation. Citing *Gibson* v. *Gibson*, 207 Va. 821 (1967); *Tarr* v. *Tarr*, 184 Va. 443 (1945); and *Anderson* v. *Anderson*, 196 Va. 26 (1954), he asserts that a single act of sexual intercourse "breaks" the separation and the separation period must start over from that point.

"Cohabitation," as it is used in § 20-91(9)(A) has never been defined by the Supreme Court of Virginia. The Virginia cases which define cohabitation do

so in the context of either the condonation statute (§ 20-94 Virginia Code) or the venue statute (§ 20-96 Virginia Code).

In *Tarr* v. *Tarr*, *supra*, the Court dealt with the condonation statute and held that it was the general rule that a single voluntary act of sexual intercourse by the innocent spouse after knowledge of the offense constituted condonation.

In *Colley* v. *Colley*, 204 Va. 225 (1963), the court reviewed its earlier decision in *Tarr* and concluded that for purposes of the venue statute (§ 20-98, now § 20-96, Virginia Code) the word "cohabit" should be given its literal meaning of having dwelled together as husband and wife under the same roof with more or less permanency, and does not signify the having of sexual intercourse as it does in some other statutes. Quoting from *Richardson* v. *Richardson*, 8 Va. Law Reg., N.S. 257, the court said: "Cohabitation or matrimonial cohabitation means, in the law of divorce, the permanent or public living together or dwelling together in the marital relation . . . Cohabitation, in its proper meaning in the law of divorce, has reference to a continuing condition and not to an act. . ." *Colley* at p. 229.

Cohabitation means "to live together as husband and wife. The mutual assumption of those marital duties, rights and obligations which are usually manifested by married people, including but not necessarily dependent upon sexual relations." Black's Law Dictionary, 5th Ed.

Isolated acts of sexual intercourse between spouses after their separation should not be controlling in determining whether there has been a resumption of cohabitation. Such intercourse is merely one of the factors to be considered in examining the totality of the circumstances. The Court is of the opinion that the phrase "without any cohabitation" in Section 20-91(9)(A) means "without a resumption of marital cohabitation." It seems to the Court that the broader meaning of "cohabitation" is more logical in the context of the no-fault statute. Having reached this conclusion, the Court finds that the isolated acts of sexual intercourse herein did not constitute "cohabitation" or constitute an interruption in the

separation of the parties as those terms are used in Section 20-91(9)(A) Virginia Code.

Accordingly, the Court finds that the service of process in this case is sufficient under Section 8.01-328.1(A)(9) Virginia Code to give the Court *in personam* jurisdiction over the defendant. The defendant's motion contesting the same will be denied.