## CIRCUIT COURT OF CHESTERFIELD COUNTY

Kent

    v.

Kent

April 30, 1990

Case No. (Chancery) 7041-87

By JUDGE WILLIAM R. SHELTON

After reviewing the evidence, the Commissioner's Report, and the exceptions thereto, the Court finds that the Commissioner's report should be confirmed in whole.

The defendant has filed the following exceptions to the Commissioner's Report; first, the defendant does not feel that it was proper to grant a divorce on the grounds of desertion; second, that spousal support should have been awarded; third, that the division of the assets -- 58% to the husband and 42% to the wife -- is unequitable, and fourth, that the Commissioner's fees should be allocated in proportion to the final distribution instead of being split 50/50 between the parties.

The standard of review for a Commissioner's Report is set forth in both the case law and Section 8.01-610 of the Virginia Code where the evidence is taken in the presence of the Commissioner. The report should be sustained unless the findings are clearly unsupported by the evidence. *Hill v. Hill*, 227 Va. 569, 318 S.E.2d 292 (1984); *Parksley National Bank v. Parks*, 172 Va. 169 (1959). In this case the Court has reviewed the evidence and finds that the

Commissioner's findings were supported by the evidence and should be upheld.

The facts before the Commissioner indicate that Ms. Kent had left and then returned to the marital home on several different occasions. The Commissioner found that when Ms. Kent moved out of the home in October of 1987, she deserted her husband and though she moved back into the marital home in April of 1988, the desertion did not end because neither party intended to reconcile the marriage. The evidence supported these findings. Testimony of Ms. Kent, her daughter and Mr. Kent established that Ms. Kent left the marital home in October of 1987. When she returned in April of 1988, it was to take care of the parties' daughter, not to resume the marriage. Neither party intended this to be a reconciliation.

For a desertion to end, the parties must resume matrimonial cohabitation with the intent to end the desertion. Not only is resumption of sexual relations a consideration, the parties must also resume the performance of marital duties while living together on a continuous basis. *Petachenko v. Petachenko*, 232 Va. 296 at 299 (1986). The evidence in this case supports the Commissioner's finding that Ms. Kent deserted the marital home in October 1987 and though she moved back into the home in April of 1988, this did not end the desertion because neither party intended to reconcile the marriage by this action.

Concerning the defendant's exception to the Commissioner's monetary award, this Court finds that the Commissioner considered all the facts set forth in Va. Code Section 20-107.3(E) and that the award he made was supported by the evidence.

The Court also feels that the Commissioner's fees should be equally split between the parties.

Finally, on the issue of spousal support, the Commissioner found Ms. Kent was barred from recovering any spousal support. The Commissioner stated that the defendant was guilty of desertion since August 12, 1986, continuing through and to her return in March/April of 1988. Effective July 1, 1988, Va. Code Section 20-107.1 was amended to eliminate as a bar to spousal support a ground for divorce based on desertion or cruelty pursuant to Va. Code Section 20-91(6). Prior to that date, however, no spouse could be ordered to provide spousal support if a divorce on

the ground of desertion had been entered in that spouse's favor. The Commissioner found that since the desertion and the filing of the Bill of Complaint occurred before the effective date of the amendment, it was not retroactive and the law as it was when the suit was filed should control.

The Court disagrees with the Commissioner's statement that the desertion occurred in August of 1986. The Court finds that there was sufficient evidence to support a finding of desertion for which no reconciliation occurred in October of 1987. The Court agrees with the Commissioner that the amendment to Va. Code Section 20-107.1 is substantive law which should not be applied retroactively unless the legislature clearly expresses such an intent. *Washington v. Commonwealth*, 216 Va. 185, 217 S.E.2d 815 (1975). There is no clear intent from the legislature that Section 20-107.1 should be retroactively applied. This Court feels that the law in effect at the date of filing of the Bill of Complaint should be applied. The Kent suit was filed in December of 1987. At that time, Va. Code Section 20-107.1 provided that where a spouse was guilty of desertion, the Court was barred from awarding spousal support to the spouse guilty of desertion. This Court finds that because the law in effect at the time this suit was filed precluded an award of spousal support to a deserting spouse, Ms. Kent's request for spousal support must be denied.