COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick,* Judge Elder and
          Senior Judge Duff
Argued at Alexandria, Virginia


MICHAEL E. PRESTON

                                      MEMORANDUM OPINION** BY
v.   Record Nos. 0071-97-4 and       JUDGE CHARLES H. DUFF
                 0175-97-4               JANUARY 20, 1998

MARY ELIZABETH PRESTON


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Michael P. McWeeny, Judge

           Judy A. Dugger for appellant.

           Beth A. Bittel (Law Offices of Beth A.
           Bittel, on brief), for appellee.


        Michael E. Preston (husband) appeals the decision of the

trial court finding that Mary Elizabeth Preston (wife) did not

desert the marriage.  Husband also contends that the trial court

erred in finding that the parties separated sometime in May 1995

rather than on October 28, 1994; erred in awarding spousal

support to wife; erred in the allocation of costs and fees

arising from the commissioner's hearing and trial; and erred in

failing to award sanctions against wife's attorney.  By way of

cross-error, wife contends that the trial court erred by refusing

to impute income to husband for the calculation of child and

spousal support and abused its discretion by failing to award her

_____
        *On November 19, 1997, Judge Fitzpatrick succeeded Judge
Moon as chief judge.

        **Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

sufficient attorney's fees.  We find husband's contentions to be without merit and award additional attorney's fees to wife for expenses incurred on this appeal.  We find no error in the trial court's refusal to impute income to husband at the time of trial.

Background

The parties were married in 1972 and had four children.  The trial court found that husband made the majority of the monetary contributions while wife made the majority of the nonmonetary contributions during the marriage.  The evidence on the ground of divorce was heard by a commissioner in chancery.  Based upon the commissioner's recommendation, the trial court denied husband's alleged grounds of desertion by wife and granted wife a divorce on the basis of a one-year separation.  Evidence on the issues of equitable distribution, spousal and child support were heard by the trial court.

Desertion

The trial court did not err in confirming the commissioner's finding that husband failed to prove that wife deserted the marriage when she moved from the marital bedroom in October 1994.

> While the report of a commissioner in chancery does not carry the weight of a jury's verdict, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence.  This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence . . . .

Jamison v. Jamison, 3 Va. App. 644, 645-46, 352 S.E.2d 719, 720

(1987) (citations omitted).

Wife testified that she wanted husband to seek counseling, and moved from the marital bedroom in October 1994 when he returned from a trip to his parents because "I felt like I had to show him how serious I felt about him seeking some kind of help." She testified that she had not formed the intent to end the marriage at that point.

Desertion requires the break off of marital cohabitation with the intent to desert. See Petachenko v. Petachenko, 232 Va. 296, 298-99, 350 S.E.2d 600, 602 (1986). Merely ceasing sexual relations does not constitute desertion. See id. at 299, 350 S.E.2d at 602. Instead, when sexual relations are willfully withdrawn without just cause or excuse, desertion requires "the breach of other significant marital duties." Jamison, 3 Va. App. at 648, 352 S.E.2d at 722.

In Jamison, the wife moved out of the marital bedroom and lived in a different room for a number of years. She withdrew from sexual relations and no longer washed, cleaned or prepared food for the husband. The husband assumed the cleaning duties for himself and the children. The family ate together no more than six times a year. The trial court found the wife had not deserted the husband because the couple had continued to live together and have "minimal family contacts." Id. at 645, 352 S.E.2d at 720.

On appeal, we reversed, holding that it was not necessary to

3

find that the spouse neglected all marital duties, but instead neglected "significant marital duties, which results in the practical destruction of homelife in every sense." Id. at 648, 352 S.E.2d at 722.

In this instance, there was no evidence of a total breakdown of the family's homelife between October 28, 1994 and May 1995. Wife testified that she continued to care for the home and family, including husband. The couple's son corroborated wife's testimony that she continued to do husband's laundry, cleaning and cooking on a daily basis. The son testified further that his father and mother ate with the children regularly. Therefore, after moving out of the marital bedroom, his mother continued to perform significant marital duties.

The son testified that the household changed noticeably in the spring of 1995, after husband presented wife with a proposed settlement agreement. This change continued through the summer of 1995 and through the 1995 Thanksgiving and Christmas holidays when the son returned from college. There was a marked difference in his father's participation in the holidays that year compared to the year before.

While husband argued that the son's testimony concerning events after May 1995 was not credible because the son did not live in the house full time after leaving for college, husband admitted that the son did not leave for college until August 1995. Thus, the son had the time and opportunity to observe any

4

noticeable change in the parties' interaction after husband presented the proposed agreement.

Husband contended that the commissioner failed to adequately consider the daughter's testimony. In light of the daughter's age at the time of the events and her lack of specific and clear testimony, the commissioner did not err in giving minimal weight to the daughter's testimony. We find no merit in husband's contention that the commissioner improperly limited his cross-examination of the son concerning his absence from the home after May 1995, as the only limitation imposed by the commissioner barred husband's attorney from asking the son whether he had been pressured or coached concerning his hearing testimony.

Therefore, we affirm the trial court's finding that wife did not desert the marriage in October 1994.

## Separation Date

Credible evidence established that the parties separated sometime during May 1995 when husband presented wife with a proposed settlement agreement. Neither party presented evidence establishing with greater specificity when during May the final separation occurred, and the commissioner was not required to make a finding in the absence of evidence sufficient to support it. See Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987).

Moreover, husband failed to demonstrate any harm resulting

5

from the alleged error in failing to identify a specific date for the separation. Husband challenged the classification of certain property based upon his assertion that the parties separated in October 1994, but he made no similar argument concerning the lack of a specific date in May.

### Spousal Support

Husband argues that the trial court erred in awarding spousal support to wife. As noted above, we find no error in the court's determination that wife did not desert the marriage. Even so, Code § 20-107.1 does not preclude an award of spousal support in instances of desertion. If the trial court has considered the parties' needs and abilities and the statutory factors set out in Code § 20-107.1, its decision to award spousal support will not be disturbed absent an abuse of discretion. See Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

"The judgment of the trial court concerning the extent to which the wife's earning capacity should affect spousal and child support awards will not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it." Kaufman v. Kaufman, 7 Va. App. 488, 494, 375 S.E.2d 374, 377 (1988). The trial court did not err in refusing to impute income to wife. Wife was employed, and husband did not demonstrate that wife was underemployed. While husband argued that wife could earn more as a teacher, he failed to present

evidence that there were teaching positions for which wife was currently qualified.

## Equitable Distribution

As the trial court did not err in determining that the parties' final separation occurred in May 1995, it did not err in classifying $10,000 of the $23,000 NationsBank account acquired between October 28, 1994 and May 1995 as marital property.

Husband acknowledged that the $6,000 NationsBank account was marital property, and he may not now challenge the court's classification of that account as marital property.

The trial court did not err in classifying the Dodge Colt acquired by husband in May 1995 as marital property. Husband failed to prove when he purchased the car or when he presented wife with the proposed settlement agreement. In addition, credible evidence supported the court's determination of the car's value. While husband testified that the car was damaged in an accident, the trial court was not required to accept his testimony that he "might get half" of its NADA book value.

In his Exhibit 3, husband asserted that wife owed him approximately $7,000 for mortgage, telephone, gas, electric, water and cable expenses incurred during 1996 while both parties resided in the marital residence. The trial court ruled that each party was to assume one-half these debts. While husband objected to the final decree on the basis of "the rulings on the overdue house bills and other debts," it is not clear that husband raised a claim that wife reimburse any portion of the $32,000 in payments. Assuming arguendo that the issue was

8

properly preserved, husband has not demonstrated reversible error. He was the sole wage-earner until March 1995, and earned at least twice what wife earned after that point. Requiring husband to continue to support the family as he had done throughout the marriage was not an abuse of discretion.

Finally, husband failed to demonstrate error in the trial court's valuation and distribution of the parties' personal property. The trial court was not required to accept husband's unsubstantiated assertions of the value of the items of personal property. Whereas wife submitted supporting documentation for items claimed to be her separate property, husband testified in general terms and did not establish that the items claimed by him as family heirlooms were gifts only to him.

### Allocation of Costs and Fees

The record indicated that wife sought to avoid the contested hearing before the commissioner, but that husband refused to go forward on no-fault grounds. The commissioner's affidavit indicated that husband's attorney used well over half the total hearing time. Wife ultimately was awarded a divorce on no-fault grounds. In addition, husband was the primary wage-earner throughout the marriage and had the greater income at the time of trial. Therefore, husband did not demonstrate error in the court's decision to allocate to him the greater portion of the expenses incurred in the commissioner's hearing or order him to pay $5,000 in wife's attorney's fees.

9

## Sanctions on Wife's Attorney

Whether to impose sanctions under Code § 8.01-271.1 is a matter left to the discretion of the trial court.  See Oxenham v. Johnson, 241 Va. 281, 287, 402 S.E.2d 1, 4 (1991).  The record indicates that wife's attorney did not pursue the issue of the Putnam account at the December 20, 1996 hearing when the possibility of a discrepancy in her understanding of that account was brought to her attention.  Husband did not demonstrate an abuse of discretion in the denial of sanctions.

## Imputation of Income to Husband

The trial court considered the statutory factors prior to determining whether to impute income to husband in connection with the award of spousal support to wife.  While husband was earning substantially less than he had at other times during the marriage, he also presented evidence that his lower earnings were the result of the downturn in the defense industry.  Because the court's decision was supported by evidence, its failure to impute additional income to husband as of the time of trial was not clearly erroneous.  See Alphin v. Alphin, 15 Va. App. 395, 402, 424 S.E.2d 572, 576 (1992).

## Award of Attorney's Fees to Wife

Wife was awarded $5,000 of her attorney's fees, which totalled more than $38,000.  The record indicates that both parties vigorously litigated this matter.  While husband had the greater income, he also was ordered to pay costs associated with

the commissioner's hearing, as well as child and spousal support. In light of all the issues and the parties' respective abilities to pay, the award was not unreasonable or a clear abuse of discretion.

Wife also seeks an award of appellate attorney's fees. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996). Husband's appeal was without merit, and we find that wife is entitled to an award of appellate attorney's fees. Therefore, we remand this matter to the trial court for the limited purpose of determining and awarding the amount of attorney's fees incurred by wife in this appeal. See id. at 694-95, 479 S.E.2d at 100. Accordingly, the decision of the circuit court is affirmed, and the case is remanded for the determination of wife's appellate attorney's fees.

Affirmed and remanded.