COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


ADAM KEATING WYATT
                                    MEMORANDUM OPINION*
v.    Record No. 1410-01-2              PER CURIAM
                                    SEPTEMBER 11, 2001
MELANIE KAY-WYATT


          FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                  Horace A. Revercomb, III, Judge

              (Winfred R. Mundle; Robert M. Alexander, on
              brief), for appellant.

              (Paul A. Simpson; Chandra D. Lantz;
              Hirschler, Fleischer, Weinberg, Cox & Allen,
              on brief), for appellee.


     Adam Keating Wyatt (husband) appeals from a final decree of

divorce entered by the circuit court awarding Melanie Kay-Wyatt

(wife) a divorce on the ground of desertion pursuant to Code

§ 20-91(6).  On appeal, husband contends the trial court erred in

(1) granting wife a divorce on the ground of desertion, (2)

finding husband had the ability to pay $2,200 monthly support to

wife, (3) finding that $2,200 monthly support would provide wife

with a standard of living at a level to which she had become

accustomed during the marriage, (4) calculating wife's attorney's

fees as a financial obligation under its support analysis, (5)

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

failing to consider all the statutory factors in its support determination, (6) allocating the marital debt, (7) allocating the marital assets, (8) allowing the commissioner to rely on his notes rather than the transcripts, and (9) determining the parties' net worth in its equitable distribution analysis.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Background

The parties married on June 25, 1994.  During the course of their marriage, the couple had two children.  Following an argument on the evening of December 4, 1998, husband left the marital home and began living above his dental practice in a building the couple owned.  Husband never again stayed at the marital home.

Husband established his own dental practice in 1996.  By March 1997, he was treating more than 200 patients per month, had a waiting list for new patients and, during his second full year practicing, realized net profits of $93,396.  Soon after the couple's separation, husband began neglecting his practice. Husband cancelled at least one HMO agreement, decreased his

-

patient load, reduced the hours in which he saw patients, and spent extended periods away from his practice.  In January 2000, husband left his private practice and accepted a position as a staff dentist, substantially reducing his income.

Husband also refused to make the mortgage payments on the marital home, causing the home to be lost to foreclosure.  Similarly, the office building the couple owned was lost through a conveyance in lieu of foreclosure when husband failed to maintain the payments.  Husband then filed for bankruptcy protection and discharged a substantial portion of his debts.

## Analysis

### Desertion

#### I.

The choice of divorce grounds is submitted to the sound discretion of the trial court and will be affirmed absent an abuse of that discretion.  See Konefal v. Konefal, 18 Va. App. 612, 613-14, 446 S.E.2d 153, 153 (1994).  "'Where dual or multiple grounds for divorce exist, the trial judge can use . . . sound discretion to select the grounds upon which . . . to grant the divorce.'"  Sargent v. Sargent, 20 Va. App. 694, 707, 460 S.E.2d 596, 602 (1995) (quoting Lassen v. Lassen, 8 Va. App. 502, 505, 383 S.E.2d 471, 473 (1989)).

"[D]esertion is a breach of matrimonial duty - an actual breaking off of the matrimonial cohabitation coupled with an intent to desert in the mind of the deserting party."

-

Petachenko v. Petachenko, 232 Va. 296, 298-99, 350 S.E.2d 600, 602 (1986). Husband left the marital home on December 4, 1998. He announced that he was leaving and in a letter to wife dated December 7, 1998, husband wrote, "I think that the time has come to an end in our relationship . . . ." Husband never returned to the marital home to sleep or stay from the time he left. "[I]n order to end a desertion, the parties must resume the matrimonial cohabitation with the intent to end the desertion." Id. at 299, 350 S.E.2d at 602. Because there is evidence to support the court's chosen ground for divorce, we shall not disturb it on appeal.

## Support

## II. through V.

"Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998). "In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it." Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992) (citations omitted).

The trial court's discretion must not be exercised without reference to Code § 20-107.1, which "commands that, in order to exercise its discretion, '[t]he court shall . . . consider' the

-

specific factors contained therein. Failure to do so is reversible error." Bristow v. Bristow, 221 Va. 1, 3, 267 S.E.2d 89, 90 (1980) (citation omitted). In his report, the commissioner listed and discussed each statutory factor set forth in Code § 20-107.1. The commissioner concluded that wife's annual income was $30,039.12 and husband earned $60,762. The commissioner also noted that husband's annual income previously had been as high as $84,378. The commissioner noted the couple's high standard of living during the marriage and reported that husband was currently working at less than his full earning capacity. Wife retained custody of the couple's two minor children. The commissioner and the trial court carefully considered the household expenses of each party. Based upon consideration of all the factors, the commissioner recommended that wife receive $2,200 per month in support.

"In setting or modifying spousal support or child support, a court may impute income to a party voluntarily unemployed or underemployed." Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 783 (1999). The trial court found that husband, in allowing his practice to diminish shortly after the separation, and in accepting a lower paying staff dentist position, was voluntarily underemployed.

The trial court stated that "each of the parties shall bear his or her own attorney's fees." The commissioner did not err in considering wife's attorney's fees as a financial obligation

-

in determining the amount of support to award her.  See Code § 20-107.1(E).  Considering the obligation as one of wife's debts did not result in husband being ordered to pay wife's attorney's fees.  In fact, the commissioner's report specifically states that each party is responsible for his or her attorney's fees.

In his report, the commissioner found that during the marriage, wife contributed monetarily to the well-being of the family by working full time, earning approximately $30,000 per year as a teacher.  She also provided the major care for the children and took care of the household chores.  Additionally, she assisted husband in establishing his dental practice.

"When a party to a divorce suit establishes an entitlement to support, the law imposes upon the party liable for that support a duty to maintain the dependent party according to the parties' marital lifestyle."  McCombs v. McCombs, 26 Va. App. 432, 436, 494 S.E.2d 906, 908 (1998).  After considering all of the relevant factors, the trial court determined that an award of $2,200 per month afforded wife an appropriate standard of living and was within husband's ability to pay.  We find no abuse of discretion in the trial court's award of spousal support to wife.

-

## Equitable Distribution

### VI., VII. and IX.

The commissioner's report, adopted by the trial court, recites in detail the equitable distribution factors set forth in Code § 20-107.3.

> "In reviewing an equitable distribution award on appeal, we have recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case."  Klein v. Klein, 11 Va. App. 155, 161, 396 S.E.2d 866, 870 (1990).  Unless the record shows that the judge has abused his or her discretion by misapplying the statutory factors, the judge's determination will not be reversed on appeal.  See id.

Anderson v. Anderson, 29 Va. App. 673, 692-93, 514 S.E.2d 369, 379 (1999).  The record clearly demonstrates that the commissioner and the trial court considered and weighed each of the required statutory factors in determining the distribution of the parties' debts and assets.

### Commissioner's Notes

### VIII.

In his brief, husband's eighth question presented is: "Whether the trial court committed error when he adopted fully without modification the commissioner's practice of using his notes of testimonial evidence instead of the actual transcript that he had in his possession at the relevant times?"  Husband, however, provided neither argument nor precedent in support of

-

this question presented.  See Littlejohn v. Commonwealth, 24 Va. App. 401, 409, 482 S.E.2d 853, 857 (1997) (a party waives an issue on appeal if he does not submit written argument on the issue in his appellate brief); Rule 5A:20(e).  Accordingly, we will not address this question presented.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.