COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bumgardner and Clements
Argued at Richmond, Virginia


BOBBY W. NELSON

MEMORANDUM OPINION[*] BY
v.     Record No. 2902-01-2        JUDGE LARRY G. ELDER
                                   JULY 9, 2002
GRACE V. NELSON


                FROM THE CIRCUIT COURT OF HENRICO COUNTY
                        George F. Tidey, Judge

          Thomas D. Johnston (Canfield, Shapiro, Baer,
          Heller & Johnston, LLP, on briefs), for
          appellant.

          Robert B. Parkerson for appellee.


     Bobby W. Nelson (appellant) appeals from a ruling of the

trial court denying his petition pursuant to Code § 20-109 to

terminate his obligation to pay spousal support to his former

wife, Grace V. Nelson.  On appeal, he contends clear and

convincing evidence proved that his former wife cohabited with

another person, appellant's brother, in a relationship analogous

to marriage for a period in excess of one year as required by

the statute.  We hold the evidence supports the trial court's

conclusion that appellant failed to prove cohabitation analogous

to marriage by clear and convincing evidence.  Thus, we affirm.

------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Appellant and Grace originally met through appellant's brother, Bennie Lee Nelson.  Appellant and Grace married in 1965 and divorced in 1980, at which time the court ordered appellant to pay Grace spousal support.  In October 1999, appellant's brother, Bennie, moved into Grace's home in Richmond and has resided there since that time.

Under familiar principles, "we construe the evidence in the light most favorable to . . . the prevailing party below, granting to [that party] all reasonable inferences fairly deducible therefrom."  Rogers v. Yourshaw, 18 Va. App. 816, 818, 448 S.E.2d 884, 885 (1994).  The chancellor, as the trier of fact, "evaluates the testimony and credibility of witnesses.  Thus, a finding of fact, made by a chancellor who has heard the evidence ore tenus, carries the weight of a jury verdict, and will not be disturbed unless plainly wrong or without evidence to support it."  Johnson v. Cauley, 262 Va. 40, 44, 546 S.E.2d 681, 684 (2001) (citation omitted).

Code § 20-109 provides, in relevant part, as follows:

> Upon order of the court based upon clear and convincing evidence that the spouse receiving support has been habitually cohabiting with another person in a relationship analogous to a marriage for one year or more commencing on or after July 1, 1997, the court shall terminate spousal support and maintenance unless . . . the spouse receiving support proves by a preponderance of the evidence that

> termination of such support would be
> unconscionable.

Code § 20-109(A).

Evidence is clear and convincing if it "'produce[s] in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases.'" Fred C. Walker Agency, Inc. v. Lucas, 215 Va. 535, 540-41, 211 S.E.2d 88, 92 (1975) (quoting Cross v. Ledford, 120 N.E.2d 118, 123 (Ohio 1954)).

> [T]he phrase, "cohabitation, analogous to a
> marriage," means a status in which a man and
> woman live together continuously, or with
> some permanency, mutually assuming duties
> and obligations normally attendant with a
> marital relationship. It involves more than
> living together for a period of time and
> having sexual relations, although those
> factors may be significant; "'[i]t also
> imports the continuing condition of living
> together and carrying out the mutual
> responsibilities of the marital
> relationship.'"

Frey v. Frey, 14 Va. App. 270, 275, 416 S.E.2d 40, 43 (1992) (quoting Schweider v. Schweider, 243 Va. 245, 248, 415 S.E.2d 135, 137 (1992) (quoting Petachenko v. Petachenko, 232 Va. 296, 299, 350 S.E.2d 600, 602 (1986))) (construing phrase as used in settlement agreement).

Factors relevant in determining whether one has proved his or her former spouse "has been habitually cohabiting with

another person in a relationship analogous to marriage" include (1) "whether the payee ex-spouse and that party's [alleged] paramour . . . have established and shared a common residence"; (2) whether their relationship is intimate, which may or may not include sexual intimacy; (3) whether the payee ex-spouse receives financial support from the alleged paramour; and (4) whether the "[d]uration and continuity of the relationship" and any other relevant factors "evidence stability and permanency." Pellegrin v. Pellegrin, 31 Va. App. 753, 764-66, 525 S.E.2d 611, 616-17 (2000).

"[A]lthough the enunciated factors provide discrete categories of evidence relevant to the issue, no one factor is determinative." Id. at 766, 525 S.E.2d at 617. A court's findings "must be based upon evidence concerning the overall nature of the relationship, not merely a piecemeal consideration of individual factors." Penrod v. Penrod, 29 Va. App. 96, 101, 510 S.E.2d 244, 246 (1999). "Furthermore, it is within the province of the trial court to determine what weight to accord each of the factors . . . ." Pellegrin, 31 Va. App. at 766, 525 S.E.2d at 617.

Here, although Grace and Bennie shared a residence and indicated their intention to do so indefinitely, they testified that the purpose behind their living arrangement was so that Grace could provide necessary assistance to Bennie, who had a longstanding heart condition and had been diagnosed with

terminal prostate cancer, after Bennie's wife died.  The evidence established that Grace and Bennie were former siblings-in-law and that Grace and her children had maintained a close relationship with both Bennie and his wife following Grace's divorce from appellant in 1980.  The trial court, as the finder of fact, accepted Grace's and Bennie's testimony that the relationship was like that of a brother and sister, involved no sexual intimacy, and was not "analogous to a marriage."  In light of this testimony, the trial court was entitled to conclude the factual circumstances surrounding their relationship did not constitute clear and convincing evidence to the contrary.

Although Grace and Bennie resided together, Grace owned the residence and was responsible for all utilities.  Bennie paid Grace rent and occupied a separate bedroom, except on one occasion when the number of house guests, members of Grace's and Bennie's family, was so large that multiple people slept in each bedroom.  Although Grace and Bennie frequently traveled together and shared a hotel room, Grace testified that they had separate beds when available and that, on those occasions when they shared a king-sized bed, they did so as "brother and sister."

Further, the evidence established no commingling of finances.  Grace and Bennie maintained separate checking and credit accounts, purchased most of their groceries separately,

and "meticulously" split the costs of all joint activities, including eating out, entertainment and traveling.

Grace testified that her relationship with Bennie was identical to the relationship she had had with an elderly aunt, except that the aunt was older than Bennie and of the opposite gender. Grace's aunt had lived with Grace for five years, during which time her aunt paid rent and resided in the same bedroom Bennie later occupied, not Grace's bedroom. Grace and her aunt traveled together just as frequently as Grace and Bennie traveled together, although Grace and her aunt did not vacation abroad. When Grace and her aunt traveled, they shared a hotel room just as Grace and Bennie did.

In light of all the evidence, the trial court's determination that appellant failed to present clear and convincing evidence that Grace and Bennie were "habitually cohabiting . . . in a relationship analogous to a marriage" was not plainly wrong. Therefore, we affirm the trial court's denial of appellant's petition to terminate spousal support.

<u>Affirmed.</u>