COURT OF APPEALS OF VIRGINIA


Present:   Judges Felton, Humphreys and McClanahan
Argued at Salem, Virginia


TODD BARTON GRUETTNER

MEMORANDUM OPINION* BY
v.      Record No. 0916-04-3          JUDGE ELIZABETH A. McCLANAHAN
NOVEMBER 16, 2004
MARNA DEDON GRUETTNER


FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
Charles M. Stone, Judge

Philip G. Gardner (Laura B. Quirk; Gardner, Gardner, Barrow &
Sharpe, P.C., on briefs), for appellant.

Monica T. Monday (Gentry, Locke, Rakes & Moore, on brief), for
appellee.


Todd Barton Gruettner appeals from a decision granting Marna Dedon Gruettner a

divorce on the grounds of desertion.  Husband argues that the trial court erred in: (1) granting the

divorce on the basis of desertion, (2) awarding spousal support based on desertion,

(3) considering the vested retirement assets awarded to husband in equitable distribution in

determining spousal support, and (4) awarding attorney's fees to wife when she presented no

evidence relevant to counsel's rates or time spent on the case.  Wife assigns as cross-error that

the trial court failed to address her claim of cruelty as grounds for divorce.  For the reasons that

follow, we affirm.

I.  Background

Wife filed a bill of complaint in the Circuit Court of the City of Martinsville seeking a

divorce from husband on the grounds of cruelty and constructive desertion.  Following a

--------

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

*pendente lite* hearing, the court found that husband's monthly income was over $28,000 and wife's monthly income was $1,250. The court granted wife $3,000 per month in spousal support and $2,500 in attorney's fees and costs. The trial court ordered an *ore tenus* hearing, and requested memoranda of law on the issues from both parties.

Husband filed an "Application Pursuant to Section 20-91(9)(a)" in the existing divorce action seeking a divorce on the grounds of the parties' living separate and apart for longer than twelve months. The trial court granted wife a divorce on the grounds of desertion and awarded her $4,000 per month in spousal support, an equitable portion of the marital assets, $7,500 in attorney's fees, and $3,000 in costs. The trial court entered its final decree on March 19, 2004.

## II. Analysis

### A. Husband's Desertion

The Supreme Court has defined desertion by a spouse under Code §§ 20-95 and 20-91(6) as "an actual breaking off of the matrimonial cohabitation coupled with an intent to desert in the mind of the deserting party." Petachenko v. Petachenko, 232 Va. 296, 298-99, 350 S.E.2d 600, 602 (1986). Husband argues that as a matter of law there is insufficient evidence that he deserted the marriage.

"The established rule for review is that a divorce decree is presumed correct and will not be overturned if supported by substantial, competent and credible evidence." D'Auria v. D'Auria, 1 Va. App. 455, 458, 340 S.E.2d 164, 165 (1986) (citing Capps v. Capps, 216 Va. 382, 384, 219 S.E.2d 898, 899 (1975)); see also Code § 8.01-680. We view the evidence in the light most favorable to the wife, who prevailed below. Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999). The burden of proof for a claim of desertion is by a preponderance of the evidence. Bacon v. Bacon, 3 Va. App. 484, 490, 351 S.E.2d 37, 40-41 (1986). With this standard in mind, we address whether the trial court had evidence to support the two elements of

desertion: (1) actual breaking off of the marital cohabitation, and (2) intent to desert in husband's mind. Petachenko, 231 Va. App. at 298-99, 350 S.E.2d at 602.

First, husband argues that he did not break off the matrimonial cohabitation. He asserts that, when he left the marital home at Lanier Road on October 11, 2002, he moved to another marital home, a fully furnished family vacation home at Smith Mountain Lake. Further, he claims that continued sporadic communication and sexual intercourse with wife constituted cohabitation.

Though husband contends the lake house was a second family residence, it was clearly not the primary marital residence. Husband does not dispute that the parties were living in separate houses. Additionally, husband told wife he was moving out, and there was no evidence that the parties lived together on a continuous basis after he left.

The instances of communication and sexual intercourse between husband and wife do not constitute matrimonial cohabitation when there is no accompanying resumption of marital duties or cohabitation on a continuous basis. In Petachenko, the Supreme Court stated, "'matrimonial cohabitation' consists of more than sexual relations. It also imports the continuing condition of living together and carrying out the mutual responsibilities of the marital relationship." 232 Va. at 299, 350 S.E.2d at 602. There is no evidence that husband continued to perform any of the normal marital responsibilities of living together after he left the Lanier Road home.

Second, viewing the evidence in the light most favorable to wife, credible evidence supports the trial court's decision that husband had the requisite intent to desert his wife. Before he moved, husband withdrew $100,000 from the couple's joint bank account without telling wife. A few days after he withdrew the money, he told wife he wasn't happy and was moving out of the house. Before he moved to the lake house, husband took personal clothing and items

off the walls and shelves of the Lanier Road home saying, "this is mine, this is mine, this is mine." Husband also compiled a list of the parties' property and assigned values to the items.

Substantial, credible, and competent evidence supports the trial court's finding that husband: (1) left the marital residence, (2) with the intent to desert his wife. Therefore, we hold the trial court did not err in granting a divorce on the basis of husband's desertion.

## B. Spousal Support Award

Husband next argues that if wife's claim of desertion fails, her entire bill of complaint and prayer for spousal support fails. Because we hold that the trial court did not err in granting wife a divorce on the grounds of husband's desertion, we need not address this issue.

## C. Consideration of Vested Retirement Assets for Purposes of Spousal Support

Husband argues that the vested retirement assets awarded to him in the equitable distribution of the marital estate were improperly considered by the trial court as an income source in making its award of spousal support and maintenance. In reviewing awards of spousal support and maintenance, this Court grants great deference to the trial court. "Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998) (citing Jennings v. Jennings, 12 Va. App. 1187, 1196, 409 S.E.2d 8, 14 (1991)). "In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it." Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (quoting Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992)).

Husband bases his argument on the trial court's corrected letter opinion of February 13, 2004, which lists the factors the court considered in making its determination of spousal support. In considering the statutory factors, the trial court found as follows:

> The Court has closely examined both claims and has considered the factors set forth in Virginia Code Section 20-107.1 as fully set forth in the parties' briefs. The Court places particular emphasis on the facts that the parties did not live extravagantly, despite their high cash flow; the fact that although the Court finds wife's claims of disability and non-employability exaggerated and overblown, she does have significant health problems, treatment and maintenance of which will be expensive for her for the foreseeable future. Husband has a high income, and largely funded retirement accounts from which to pay wife's needs. The marriage was one of long duration and included the raising of two children. Taking all these things into account, the Court fixes spousal support at $4,000 per month . . . .

Husband focuses on the trial court's reference to "largely funded retirement accounts" as being an impermissible consideration in the determination of spousal support.

Code § 20-107.1(E)(1) clearly states the General Assembly's intent that income from *all* pensions is to be included in a trial court's calculation of spousal support. That subsection states that the court *shall* consider, "The obligations, needs and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans, of whatever nature." Further, our decision in Moreno specifically addresses the use of income from equitably distributed retirement plans for the support calculation under Code §20-107.1. This Court stated:

> Although Code § 20-107.3(G) limits the award a spouse can receive pursuant to the equitable distribution of marital property, no language precludes that property from being considered at a later time as income for purposes of calculation of spousal support. The General Assembly could have specifically directed, as did the New Jersey legislature, that a trial court could not consider the pension share awarded in the equitable distribution proceeding in determining spousal support. It did not do so. To the contrary, the plain language of the statute mandates consideration of "all pension[s], profit sharing or retirement plans" in the trial court's determination of spousal support.

Moreno, 24 Va. App. at 198-99, 480 S.E.2d at 796-97. Here, the trial court appropriately considered husband's income from his retirement accounts along with the other statutory factors.

Husband cites Zipf v. Zipf, 8 Va. App. 387, 382 S.E.2d 263 (1989), to support his position. In Zipf, this Court held that a spousal support and maintenance award that *singles out* the value of equitably distributed assets under Code § 20-107.3 to the exclusion of other factors "cannot withstand scrutiny on appeal." Id. at 399, 382 S.E.2d at 270. However, when the entire context of the court's letter opinion is examined, it is evident that the trial court did not "single out" the appellant's equitably distributed retirement accounts to the exclusion of other statutory factors under Code §20-107.1. Although the court specifically referred to husband's "high income" and "largely funded retirement accounts," it clearly stated that it considered the other statutory factors. Therefore, we affirm the spousal support award.

### D. Award of Attorney's Fees

Husband contends the trial court erred in awarding unreasonable attorney's fees to wife when there was nothing in the record concerning rates charged or time spent on the case. The standard of review for granting attorney's fees is abuse of discretion. "An award of attorney fees is within the sound discretion of the court, . . . and will not be disturbed on appeal absent evidence of abuse." Price v. Price, 4 Va. App. 224, 237, 355 S.E.2d 905, 912 (1987) (citing Wilkerson v. Wilkerson, 214 Va. 395, 398, 200 S.E.2d 581, 584 (1973)).

Both parties cite Westbrook v. Westbrook, 5 Va. App. 446, 364 S.E.2d 523 (1988), to support their respective positions. In that opinion, the Court stated:

> We have said that "the key to a proper award of counsel fees . . . [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). Where the trial judge finds that a fee award is justified, evidence of time expended and services rendered is a proper basis upon which to fix an award. Id. We have said, however, "[a] trial court is not unmindful of the usual charges within its jurisdiction, and . . . a relatively modest award may be found to be reasonable." Id.

Westbrook, 5 Va. App. at 458, 364 S.E.2d at 530. While it is true that wife provided no "evidence of time expended and services rendered," she testified she incurred $20,000 in legal fees and costs. Westbrook does not require evidence of the expenses and services rendered as the exclusive means by which the court can award fees. It also clearly states that the trial judge may base a reasonable award on the "usual charges within its jurisdiction." Id. Moreover, the trial judge has discretion to examine "all of the circumstances revealed by the record," id., and consider the usual charges within its jurisdiction. Therefore, we find no abuse by the trial court and affirm the trial court's attorney's fees award.

E. Wife's Assignment of Cross-Error

Wife assigns as cross-error, in the event this Court reverses the divorce on grounds of desertion, that the trial court erred in not considering her claim of cruelty as a basis for divorce. Because we find the trial court did not err in basing the divorce on the grounds of husband's desertion, we need not address wife's assignment of cross-error.

III. Conclusion

We hold that the trial court did not err in granting a divorce on the basis of husband's desertion. We also affirm the trial court's decisions with regard to the spousal support and attorney's fees awards.

Affirmed.