Present: Carrico, C.J., Compton, Stephenson,[1] Lacy, Hassell,
  Keenan, and Koontz, JJ.

MAZIE SOWARDS BRANHAM
 BY LARRY DON BRANHAM,
 GUARDIAN AND SUBSTITUTED
 PARTY
                              OPINION BY JUSTICE LAWRENCE L. KOONTZ, JR.
v.  Record No. 962398                    September 12, 1997

JOSEPH W. BRANHAM

                FROM THE CIRCUIT COURT OF WISE COUNTY
                        J. Robert Stump, Judge


     This is an appeal of an order overruling the report of a
special commissioner in chancery recommending that a deed be set
aside based upon the commissioner's finding that clear and
convincing evidence established that the deed had been procured
by fraud.

     On August 15, 1988, Joseph William Branham took Mazie
Sowards Branham, his mother, to the office of a notary public to
execute a deed.  According to Mazie Branham, Joseph Branham had
advised her that the document she would sign would provide her
with a life estate in her home in Wise County, with the remainder
interest vesting in her daughter Deborah Kay Branham.  The deed
Mazie Branham actually executed transferred the property to
Joseph Branham subject to her life estate.  The deed was recorded
in the land records of Wise County on the same day.

     On February 7, 1991, Mazie Branham filed a bill of complaint
against Joseph Branham seeking to have the deed set aside on the
ground that it was procured by fraud.  A guardian <u>ad</u> <u>litem</u> was

_____

[1]Justice Stephenson participated in the hearing and decision
of this case prior to the effective date of his retirement on
July 1, 1997.

appointed to represent Joseph Branham, who was at that time incarcerated in the Bland Correctional Center. Joseph Branham filed a pro se answer asserting that his mother had freely transferred the property with full knowledge of the import of the deed, but was now subject to influence of other family members who wished to deprive him of his rights in the property because of his incarceration.

The trial court referred the matter to a special commissioner in chancery by decree of reference dated March 15, 1991. Thereafter, on April 26, 1991, the commissioner held an ore tenus hearing, receiving testimony from Mazie Branham, her son Larry Don Branham, and the notary who witnessed the deed. Joseph Branham was represented by his guardian ad litem, who was an attorney, but did not appear or have counsel present at the hearing.

The notary testified that she did not read the deed or inform Mazie Branham of its content before the deed was executed. She further testified that she recalled either Mazie Branham or Joseph Branham saying that the deed was intended to convey an interest in the property to Joseph because "he was the only one [of several children] taking care of [Mazie Branham] and that she wanted him to have the property." The notary believed it was probably Joseph Branham who had said this, but could not recall whether Mazie Branham indicated she had heard him.

Mazie Branham testified that at the time of the hearing she was 81 years old, legally blind, and hard of hearing. She further testified that she learned that the remainder interest in

her property had been deeded to her son from her 1990 tax notice. At that time she realized that she had "made a bad mistake" because she had intended the remainder interest to go to Deborah Kay Branham. Although she conceded that her signature appeared on the deed, she stated that she would not have signed the deed had she known that it conveyed the remainder interest to Joseph Branham. In response to questions from the guardian ad litem and the commissioner, Mazie Branham conceded that Joseph Branham had taken care of her for two years prior to his incarceration. Although occasionally asking that questions be repeated, she indicated that she understood the nature of her complaint and the purpose of the commissioner's hearing.

Larry Don Branham testified that Joseph Branham had assisted his mother while living with her, and that Deborah Kay Branham had also lived with their mother for a part of that time and assisted in taking care of her. He further testified that it was the family's understanding that Deborah Kay Branham would receive the property at her mother's death if she remained with her mother, but that Deborah had subsequently moved away.[2]

Sometime after the commissioner's hearing, Joseph Branham was released from prison and retained counsel to represent him in the suit. The record indicates that Joseph Branham sought and

---

[2]Additional evidence suggested that Joseph Branham had indicated in a letter to his criminal defense attorney that he did not wish to contest the proceeding to set aside the deed. Although the commissioner indicated that a subpoena duces tecum would be issued to obtain the letter and a deposition of the attorney was noticed, the letter does not appear in the record and it does not appear that the deposition of the attorney was ever taken.

was given additional time to supplement the record before the commissioner, but no further evidence was offered.

During the interim between the commissioner's hearing and the filing of his report on January 19, 1993, in a separate court proceeding on January 14, 1992, Larry Don Branham was named as guardian for Mazie Branham who was at that time declared "mentally and physically unable to care for herself or her property because of her mental and physical condition" resulting from organic brain syndrome. The trial court entered an order amending the style of the suit to reflect the guardianship and to permit the guardian to act in Mazie Branham's name.

In his report, the commissioner found that the deed in question was procured by fraud and misrepresentation and recommended that the deed be declared void; that Joseph Branham be required to convey his interest to Mazie Branham; or that a special commissioner be appointed to do so.

Subsequently, numerous letters from counsel and ex parte communications from the parties were received by the trial court. Several letters from counsel for Mazie Branham urged the trial court to enter a final disposition in the matter. One such letter indicated that, on June 15, 1993, Joseph Branham executed a deed of gift transferring his remainder interest in the property to Georgia K. Gruszka and supplied the trial court with a copy of that deed.

On July 15, 1994, the chancellor sent a letter opinion to counsel expressing his intent to overrule the commissioner's report and to dismiss the bill of complaint. The express basis

for the chancellor's determination was that, by reference to the separate 1992 proceeding in which Mazie Branham had been declared "incompetent," he did not accept her testimony from the 1991 commissioner's hearing or in a subsequent deposition as credible.

Mazie Branham filed a motion to reconsider with supporting evidence to show that at the time of the commissioner's hearing she did not exhibit any signs or symptoms of her subsequent dementia. This motion and a subsequent motion to reconsider were overruled, and a final order overruling the report of the commissioner and dismissing the bill of complaint was entered on August 27, 1996. We awarded Mazie Branham this appeal.

We have repeatedly defined the standard of review for such matters as follows:

> While the report of a commissioner in chancery does not carry the weight of a jury's verdict, Code § 8.01-610, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence. . . . [W]here the chancellor has disapproved the commissioner's findings, this Court must review the evidence and ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court. Even where the commissioner's findings of fact have been disapproved, an appellate court must give due regard to the commissioner's ability, not shared by the chancellor, to see, hear, and evaluate the witnesses at first hand.

Hill v. Hill, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984) (citations omitted); accord Yeskolski v. Crosby, 253 Va. 148, 152-53, 480 S.E.2d 474, 476 (1997).

Here, the chancellor's basis for disapproving the commissioner's findings depended upon "facts" not in the record of this case. Moreover, even if the evidence of Mazie Branham's

mental condition from the separate and unrelated hearing was a permissible subject of judicial notice, the chancellor's opinion letter clearly indicates that she was not judicially declared "incompetent" until more than eight months after the commissioner's hearing.

During the lengthy delays following the commissioner's hearing, Joseph Branham made no effort to rebut the evidence taken at the commissioner's hearing despite being afforded an opportunity to do so. Nor did he offer any evidence of his mother's incapacity at the time of the commissioner's hearing. Thus, the evidence before the commissioner was entirely unrebutted.

Mazie Branham testified that she did not intend to convey an interest in her property to Joseph Branham and that she would not have signed the deed in question if she had known the deed would do so. But, it is unrefuted that Mazie Branham was led to sign the deed as a result of the fraud perpetrated by Joseph Branham. The commissioner accepted the testimony of the witnesses as credible. Accordingly, upon this record, the commissioner's findings are supported by the evidence, and his opportunity to see and hear the witnesses should be afforded appropriate deference.

For these reasons, we will reverse the judgment of the circuit court, will declare the deed in question void, and will remand the matter to the circuit court with directions that forthwith a special commissioner be appointed to effect transfer of the property back to Mazie Branham.

Reversed and remanded.