COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Bumgardner


ALVIN QUASH

                                      MEMORANDUM OPINION[*] BY
v.    Record No. 2761-99-2      JUDGE RUDOLPH BUMGARDNER, III
                                            JUNE 27, 2000
MARJORIE S. QUASH


              FROM THE CIRCUIT COURT OF CAROLINE COUNTY
                    Horace A. Revercomb, III, Judge

             (Kelly A. Halligan; Levit, Mann & Halligan,
             P.C., on briefs), for appellant.  Appellant
             submitting on briefs.

             (Bruce E. Arkema; Cantor, Arkema & Edmonds,
             on brief), for appellee.  Appellee submitting
             on brief.


     A final decree entered October 20, 1999 awarded Marjorie S.

Quash a divorce from Alvin Quash.  On appeal, the husband argues

the trial court erred in failing to follow the commissioner's

recommendations regarding attorney's fees, spousal support,

dissipation of marital funds, and prejudgment interest.  He also

argues the trial court erred in overruling his objection to a

divorce based on the ground of desertion.  The wife claims the

trial court erred in classifying property.  For the following

reasons, we affirm in part, reverse in part, and remand for

reconsideration.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The parties married in New York in 1939, had three children, moved to Virginia in 1976, and separated September 23, 1996. The wife filed for divorce. On May 8, 1997, issues of divorce, spousal support, and equitable distribution were referred to a commissioner in chancery, who heard the evidence May 21, 1998 and filed a report May 20, 1999.

The commissioner recommended that the wife be granted a divorce on the ground of desertion, the parties equally share the marital estate, and the wife not be awarded spousal support. The commissioner indicated the husband's expenses exceeded his income. Both parties excepted to the commissioner's recommendations.

In a September 3, 1999 letter opinion, the trial court awarded the wife a divorce on the ground of desertion, $15,377.98 in attorney's fees and costs, spousal support of $73.33 per month, accepted her valuation dates for the parties' assets (separation date for bank accounts and hearing date for certificates of deposit), and concluded the husband dissipated $19,668.40 of marital funds and awarded the wife one-half of that value.

On appeal, we review the trial court's disapproval of the commissioner's report to "'ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court. Even where the commissioner's findings of fact have been disapproved,

-

an appellate court must give due regard to the commissioner's ability . . . to see, hear, and evaluate the witnesses at first hand.'" Branham v. Branham, 254 Va. 320, 324, 491 S.E.2d 715, 717 (1997) (trial court cannot reverse commissioner's recommendations upon facts not in record at commissioner's hearing) (quoting Hill v. Hill, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984)). However, by referring a cause to a commissioner in chancery, the trial court "does not delegate his judicial functions . . .; [he must] review the evidence and arrive at his own conclusions. Commissioners are appointed for the purpose of assisting the chancellor and not for the purpose of supplanting him." Green v. Green, 199 Va. 927, 931, 103 S.E.2d 202, 205 (1958) (citation omitted). Therefore, it is our duty "to evaluate the evidence under a correct application of the law to determine whether or not it supports the findings of the commissioner or the conclusions of the chancellor." Hoffecker v. Hoffecker, 200 Va. 119, 125, 104 S.E.2d 771, 775 (1958).

The husband argues the trial court erred in awarding the wife attorney's fees. "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987) (citing Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976)). "The key to a proper award of counsel fees is

-

reasonableness under all the circumstances." Lightburn v.

Lightburn, 22 Va. App. 612, 621, 472 S.E.2d 281, 285 (1996)

(citation omitted).  See L.C.S. v. S.A.S., 19 Va. App. 709, 721,

453 S.E.2d 580, 587 (1995), cert. denied, 517 U.S. 1124 (1996)

(fee award may be disturbed if there is bad faith or gross

disparity of financial resources).

The trial court referred the issue of attorney's fees to

the commissioner.  However, the trial court decided the matter

when the commissioner failed to address it.  The wife's monthly

income was approximately $100 and the trial court found the

husband's monthly income was $1,562.74.  There was evidence that

the husband failed to provide records of marital assets,

required the wife to engage in lengthy and expensive discovery,

and used more than $8,000 of marital funds to pay his attorney's

fees.  Under these facts, we conclude the trial court properly

exercised its discretion in awarding the wife counsel fees and

costs in the amount of $15,337.98.

Next, we consider whether the trial court erred in awarding

the wife spousal support.  The trial court's determination of

whether spousal support is warranted, "and if so how much, is a

matter within [its] discretion . . . and will not be disturbed

on appeal unless it is clear that some injustice has been done."

Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211

(1986) (citations omitted).  An award of spousal support will be

reversed "only for an abuse of discretion or the judge's failure

-

to consider all the factors set forth in Code § 20-107.1."
Barnes v. Barnes, 16 Va. App. 98, 103, 428 S.E.2d 294, 298
(1993) (citation omitted).

The commissioner ruled that the husband's social security
income was not subject to equitable distribution.  The trial
court, without any explanation, awarded the wife spousal support
of $73.33 per month, or one-third of the husband's social
security income.  Because the trial court did not adequately
explain its reasons for deviating from the commissioner's
decision, we reverse its award.

Next, we consider whether the trial court erred in finding
the husband dissipated marital assets.  The husband spent
$67,675.09 of marital funds from the date of separation to the
commissioner's hearing and adequately accounted for $56,179.69.
Of that sum, the trial court found that only $48,006.69 was
expended for valid purposes.  The trial court concluded the
husband dissipated $19,668.40 of marital assets and awarded the
wife one-half of that value.  The husband argues that paying his
own attorney's fees was not a dissipation of marital funds.  We
agree.

Dissipation of assets occurs when "one spouse uses marital
property for his own benefit and for a purpose unrelated to the
marriage at a time when the marriage is undergoing an
irreconcilable breakdown."  Amburn v. Amburn, 13 Va. App. 661,
666, 414 S.E.2d 847, 850 (1992).  The spouse charged with

-

dissipation has the burden of establishing by a preponderance of the evidence that the funds were used for a proper purpose. See Alphin v. Alphin, 15 Va. App. 395, 402, 424 S.E.2d 572, 576 (1992); Clements v. Clements, 10 Va. App. 580, 587, 397 S.E.2d 257, 261 (1990). Marital funds "spent for living expenses, attorney's fees for the divorce proceedings, and other necessities of life while the parties are separated do not constitute dissipation." Anderson v. Anderson, 29 Va. App. 673, 695, 514 S.E.2d 369, 380 (1999) (citations omitted).

The amount of dissipated funds included $8,173 the husband paid to his attorneys. The trial court's inclusion of this permissible expense was error. See id. However, credible evidence supports the court's finding that the husband dissipated the remaining sum of $11,495.40. For these reasons, we reverse the court's finding that paying attorney's fees is an impermissible expense.

Next, we consider whether the trial court erred in valuing the marital estate, awarding the wife prejudgment interest, and in accepting the wife's valuation dates. The trial court accepted the wife's exhibit, which set forth valuation dates and values for marital assets.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732,

-

396 S.E.2d 675, 678 (1990).  The award of prejudgment interest, which may be issued to make a party whole, see Ragsdale v. Ragsdale, 30 Va. App. 283, 292, 516 S.E.2d 698, 702 (1999), is discretionary.  See Marks v. Sanzo, 231 Va. 350, 356, 345 S.E.2d 263, 267 (1986).

Neither party's evidence was flawless or totally convincing.  The trial court considered the entire record, including the commissioner's recommendations and the law, when it resolved the equities between the parties.  Its findings are supported in the record, and we cannot say the court abused its discretion.

We also consider whether the trial court erred in granting the wife a divorce on the ground of desertion.  "Desertion is . . . an actual breaking off of the matrimonial cohabitation coupled with an intent to desert in the mind of the deserting party.  Once separation and intent to desert have been established, the desertion is presumed to continue until the contrary is shown." Petachenko v. Petachenko, 232 Va. 296, 298-299, 350 S.E.2d 600, 602 (1986) (citations omitted).  See also Code § 20-99 (divorce cannot be granted on the uncorroborated testimony of the parties).

The wife's evidence established that the husband moved out of the marital bedroom two years before the parties separated.  She testified that he routinely turned off the water to the house, forcing her to go to neighbors' houses to get water for

-

drinking, bathing, and laundry. On occasion, the husband also incapacitated her car. The wife testified the parties did not eat meals together, and, instead of communicating with her, the husband yelled and cursed at her. Two other witnesses substantially corroborated the wife's testimony. The trial court affirmed the commissioner's recommendation that the wife be granted a divorce on the ground of desertion. We find no error in doing so.

Finally, the wife cross-appeals the classification of the Caroline County land as the husband's separate property. Because the husband acquired the property during the marriage, it is presumed to be marital, see Code § 20-107.3, and the husband has the burden to rebut that presumption. See Stainback v. Stainback, 11 Va. App. 13, 17-18, 396 S.E.2d 686, 689 (1990).

The wife claimed the husband told her he paid several family members $500 each for land. The husband claims he inherited the property from his mother and that she intended it to be his separate property. He claims the payments he made on the land were for property taxes. The deed corroborates the husband's testimony because it reflects a conveyance of real estate to the husband, in his name alone, from his mother. The wife failed to show the donor had a contrary intent and the trial court deemed her evidence "ambiguous".

The husband presented sufficient credible evidence to rebut the presumption that the real estate was marital property. "The

-

weight to be given evidence and the resolution of conflicts in the evidence are for the fact finder."  <u>Gamer v. Gamer</u>, 16 Va. App. 335, 345, 429 S.E.2d 618, 625 (1993) (citation omitted). The trial court's finding is supported by credible evidence.

For the foregoing reasons, we affirm the trial court's rulings on attorney's fees, valuation and classification of marital property, prejudgment interest, and the grounds of divorce.  We reverse the award of spousal support and the finding that the husband's payment of $8,173 in attorney's fees was an impermissible expense.  Accordingly, we affirm in part, reverse in part, and remand for reconsideration in light of this opinion.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>

-